## WESTERN MARYLAND R. CO. *vs.* JACOB C. LANDIS.

*Injury Resulting From Breaking of Axle of Freight Car.*

Appeal from the Superior Court of Baltimore (SHARP, J.) *Reversed.*

Opinion by McSHERRY, C. J., filed November 21st, 1902.

*Action for Injury to Cattle Carried Over Connecting Roads—Lack of Evidence to Show Where or How the Injury Was Caused.*

Appeal from the Superior Court of Baltimore (SHARP, J.) *Reversed.*

The injury for which this suit was brought arose out of the occurrences set forth in the case of *Western Md. R. R. Co.* v.

*State, use of Shirk, ante* p. 637. The present action was instituted by Jacob C. Landis, surviving partner of Jacob E. Shirk, to recover damages for injuries to the cattle shipped by them from Somerset County to Lancaster County, Pennsylvania. As stated in the preceding case the two cars containing the cattle were delivered by the Baltimore and Ohio Railroad Company to the Western Maryland Railroad Company at Cherry Run. They were made up in a train to be hauled to Hagerstown for delivery there to the Cumberland Valley Railroad. Before reaching Hagerstown the front axle of a gondola car belonging to the Baltimore and Ohio Railroad Company and located in the rear of the stock cars broke, but the cattle cars were not derailed or injured, and they were jarred but very slightly. The cattle cars and the rest of the train in front of the disabled gondola were conveyed on to Hagerstown. When they reached there all of the cattle were standing and there were no indications that any of them had been hurt by the accident to the gondola car. The cars containing the cattle were delivered to the Cumberland Valley Railroad which hauled them to a point where they were turned over to the Philadelphia and Reading Railroad, by which latter company they were transported to Ephrata, the place of their destination. Upon reaching there it was found that several of the cows had sustained injuries.

The defendant asked the Court to rule that there was no evidence legally sufficient to show that the injury to the cows was caused by the negligence of the defendant. This request was refused, but should have been granted. There was not a particle of evidence showing *what* caused the injury to the cows, or *how* it had been caused, or indicating *where* it had been inflicted. The breaking of an axle under a car *behind* the cars in which the cattle were, was not shown to have jarred or thrown them down. The only evidence as to their condition when they left the road of the defendant at Hagerstown proved that they had not been injured up to that time; and after leaving the road of the defendant the cattle were transported over two other roads, on either of which the injury discovered, upon their reaching their destination, might have happened. No evidence was offered to exclude the possibility

of the injury having occurred after the cattle had passed beyond the line of the defendant's road. There was nothing whatever connecting the condition of the cattle when they reached Ephrata with the breaking of the axle ten miles away from Hagerstown. There was, consequently, a total failure of proof to show that the breaking of the axle caused the injury, or even to show that the injury had occured on the defendant's road; and the case should have been decided in favor of the defendant. There was absolutely nothing from which a reasonable inference could have been deduced that the injury happened whilst the cattle were on the road of the defendant. The undisputed evidence proved that they were uninjured when delivered to the Cumberland Valley Railroad, as far as their appearance indicated.

The judgment will therefore be reversed and as the record discloses no ground of action against the appellant a new trial will not be awarded.

> *Judgment reversed with costs above and below without awarding a new trial.*

Opinion by McSHERRY, C. J., filed November 21st, 1902.

*R. E. Lee Marshal* and *John Hanson Thomas*, for the appellant.

*John Hinkley*, for the appellee.